UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY L. FLETCHER,

    Plaintiff,

v.

STU SHERMAN, et al.,

    Defendants.

Case No. 19-cv-00456-YGR (PR)

**ORDER OF DISMISSAL**

Plaintiff filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison officials at Salinas Valley State Prison ("SVSP") wrongfully deprived him of personal property. He names SVSP Warden Stu Sherman as well as SVSP Correctional Officers Chavez and Porter.

Plaintiff's complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A. He also seeks leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, which will be resolved in a separate written Order. Plaintiff seeks either the replacement of the property or compensation for the loss in the form of monetary damages. He also requests appointment of counsel. Dkt. 3.

For the reasons discussed below, the complaint is DISMISSED pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

**I.  STANDARD OF REVIEW**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

1  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. LEGAL CLAIM

In the instant complaint, Plaintiff explains that on November 30, 2017, an "attempt[ed] assassination was made on [his] life" (apparently he suffered a blow to the head, which rendered him unconscious) even after Plaintiff requested that Defendants remove him from being housed SVSP because he claimed his life was in danger. Dkt. 1 at 3.[1] On that same day, Plaintiff was moved from his cell to be rehoused in the administrative segregation unit "for self-expressed enemy/safety concerns." *Id.* at 4. Defendant Chavez arrived at Plaintiff's cell to inventory Plaintiff's property, but Defendant Chavez claimed that Plaintiff had "prepacked all of his personal property in boxes . . . ." *Id.* According to the Director's level review decision relating to this claim, Defendant Chavez alleged that he "unpacked and inventoried the property in [Plaintiff's] presence while [Plaintiff] was in the holding cell." *Id.* Defendant Chavez further stated that he "personally provided [Plaintiff] the completed CDC Form 1083 for review, which [Plaintiff] signed confirming the items listed were an accurate account of his property." *Id.* However, Plaintiff claims that Defendant Chavez did not account for "how much [Plaintiff] had . . . what was inside the boxes or legal e[n]velopes . . . [or] how many pictures [in the] photo album [Plaintiff] had." *Id.* at 3. Plaintiff claims that Defendant Chavez "messed up wrongfully and all [Plaintiff's] things came up miss[ing]." *Id.*

A negligent or intentional deprivation of a state or county inmate's property fails to state a due process claim under section 1983 if state law provides an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

2

because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Therefore, Plaintiff's allegations accordingly fail to state a claim cognizable under section 1983. *See id.* at 817.

### III. CONCLUSION

For the foregoing reasons, the complaint is DISMISSED without prejudice to seeking relief in the state courts. The Clerk of the Court shall close the file and terminate all pending motions as moot, including Plaintiff's motion for appointment of counsel (dkt. 3).

This Order terminates Docket No. 3.

IT IS SO ORDERED.

Dated: May 14, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge